UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

RAMON GRULLON                                  Case No.: 16-24321-BKC-RAM
         Debtor.                              Chapter 7
_____/

## LESSOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY; AND (B) AUTHORIZING LESSOR TO PROCEED WITH EVICTION OF DEBTOR

Konrad McDougal, the owner and lessor (the "Lessor") of the Property,[1] by and through undersigned counsel, moves (the "Motion"), pursuant to 11 U.S.C. §§ 105, 362(d)(1), for an order for relief from the automatic stay; and (b) authorizing Lessor to proceed with eviction of the Debtor, Ramon Grullon (the "Debtor"), from the Property. In support of the Motion, the Lessor states as follows:

    1.    On or about January, 2014, the Lessor began leasing the residential property located at 3401 S.W. 99th Avenue, Miami, Florida 33165 (the "Property" or "Premises"), on a month to month, on tenancy at will basis, at the monthly rent of $1,800.00. (the "Lease").

    2.    The Debtor defaulted under the month-to-month Lease by failing to make the required monthly payment due on May 1st 2016 and every subsequent month thereafter. The total rent owed to the Lessor through November, 2016 is $12,600.00.

    3.    The Debtor was given several verbal notices of his default for non-payment, but failed to cure the default. Each and every time Lessor communicated with Debtor concerning his default, Debtor stated that he was in the process of selling a property in the Domican Republic and was awaiting receipt of the proceeds from the sale in order to meet his rental obligations.

    4.    On September 12, 2016, the Lessor served the Debtor with a Three-Day Notice, pursuant to Section 83.20(2), Florida Statutes–the summary eviction procedure.

---

[1] Capitalized term defined below.

However, the defendant failed to pay the amounts then due and owed, or deliver possession of the residential Premises. Copy of 3-Day Notice is attached hereto as Exhibit "A".

5. On September 20, 2016, the Lessor filed an *Complaint for Removal of Tenant and for Damages* (the "Complaint"), in the case styled *Konrad McDougal vs. Ramon Grullon and all Others in Possession*, Case No.2016-008721 CC 25, in the County Court of the 11th Judicial Circuit in and for Miami-DadeCounty, Florida("State Court"). Copy of the Complaint is attached hereto as Exhibit "B". The Debtor was served with process on September 22, 2016. A copy of the Verified Returns of Service, as filed in State Court, is attached hereto as Exhibit "C".

6. On October 11, 2016, the Debtor filed a vague response to the Lessor's Complaint, which forced the Lessor to file a Motion to Strike Defendant's Response to Complaint for Entry of Default Final Judgment for Removal of Tenant (the "Motion"). Copy of the Debtor's response and Lessor's motion is attached hereto as composite Exhibit "D".

7. The hearing on the Lessor's Motion was scheduled before the State Court on October 25, 2016 at 1:30 p.m.

8. On the same date of the hearing, the Debtor proceeded to file for protection under Chapter 7 of Title 11 of the United States Code.

9. In his Petition, the Debtor listed the Lessor as a creditor.

10. It is evident that the Debtor is using the bankruptcy process, in bad faith, for his own agenda-to remain in the property, and to the detriment of the Lessor.

11. The subject Property is encumbered by a mortgage, and the rental income derived from the Property is necessary to meet and otherwise satisfy the monthly mortgage payments due thereon, and therefore a hardship is created by the Debtor's non-payment of rent.

*Relief Requested*

12. Pursuant to 11 U.S.C. 362(d)(1), "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

13. Accordingly, the Lessor requests this Court lift the automatic stay, for cause, so that he may proceed with the eviction in State Court, and remove the Debtor from the Premises.

14. Lessor has retained the undersigned attorneys to represent him in this action, and is obligated to pay said attorneys a reasonable fee for their services.

WHEREFORE, the Lessor, by and through undersigned counsel, respectfully requests the entry of an Order (a) granting the Motion; (b) lifting the automatic stay so that the Lessor may proceed with the eviction proceeding and; (c) granting any and such other further relief as this Court deems just and equitable.

Dated: November 3, 2016

Respectfully Submitted,

**CARRERA & AMADOR, P.A.**
Counsel to Lessor, Konrad McDougal
LeJeune Centre, Suite <u>440</u>
782 N.W. LeJeune Road
Miami, Florida 33126-5549
Telephone (305) 441-1544
E-Mail: CGAmadorLaw@aol.com

/s/ Carmen G. Amador
**CARMEN G. AMADOR-CARRERA, ESQ.**
FL. Bar No. 515566

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been served this 3rd day of November, 2016, by Notice of Electronic Filing to all parties and counsel registered with the CM/ECF system, and upon the Debtor, via U.S. Mail at 3401 SW 99th Avenue, Miami, Florida 33165.

/s/ *Carmen G. Amador-Carrera*
**CARMEN G. AMADOR-CARRERA, ESQ**

UNITED STATES BANKRUPTCY
COURT SOUTHERN DISTRICT OF
FLORIDA MIAMI DIVISION

IN RE:

RAMON GRULLON                         Case No.: 16-24321-BKC-RAM
            Debtor.                   Chapter 7
_____/

**LESSOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY;
AND (B) AUTHORIZING LESSOR TO PROCEED WITH EVICTION OF DEBTOR**

# EXHIBIT "A"

Notice to Tenant – Rent Unpaid
Sec. 83.56 (3) F.S.

## THREE (3) DAY NOTICE TO PAY RENT OR DELIVER POSSESSION

Date: __September 12, 2016__

To: RAMON GRULLON, Tenant
And all others in possession of the property located at
3401 S.W. 99th Avenue, Miami, Miami-Dade County, Florida 33165

YOU ARE HEREBY NOTIFIED that you are indebted to the undersigned in the sum of $ 9,000.00, for rent and use of the premises located at 3401 S.W. 99th Avenue, Miami, Miami-Dade County, Florida, 33165, now occupied by you, and that I demand payment of the rent or possession of the premises within three (3) days (excluding date of service, Saturdays, Sundays and legal holidays) from the date of delivery of this notice, to wit, on or before Friday, September 16, 2016.

Payment may be made at the address appearing below, 782 NW LeJeune Rd., Suite 440, Miami, Miami-Dade County, Florida.

This notice is given you pursuant to Florida Statutes Sec. 83.56 (3).

_Carmen Amador_
By: Carmen G. Amador-Carrera, Esq., Agent for
Landlord KONRAD MCDOUGAL
782 N.W. LeJeune Rd., Ste. 440
Miami, Florida 33126-5549
Tel: (305) 441-1544

Proof of Service:

☑ This Notice was served upon the person owing the rent    Maria Lopez Co-resident
☐ The person owing the rent was absent from his last place of residence, and this Notice was left at said residence by posting.

By: _____
Title: Process Server/Badge #
Date Served/Posted: 9/12/16   5:00 PM

Alex Segura
Process Server
#557


EXHIBIT A

UNITED STATES BANKRUPTCY
COURT SOUTHERN DISTRICT OF
FLORIDA MIAMI DIVISION

IN RE:

RAMON GRULLON                              Case No.: 16-24321-BKC-RAM
            Debtor.                              Chapter7
_____/

**LESSOR'S MOTIONFOR RELIEF FROMTHE AUTOMATIC STAY;
AND (B) AUTHORIZINGLESSORTO PROCEED WITH EVICTION OF DEBTOR**

# EXHIBIT "B"

Filing # 46663065 E-Filed 09/20/2016 11:44:32 AM

IN AND FOR MIAMI DADE COUNTY, FLORIDA

KONRAD MCDOUGAL,

    Plaintiff,

vs.

RAMON GRULLON and
all others in Possession,

    Defendant.
_____/

CIVIL DIVISION

CASE NO.: _____

## COMPLAINT FOR REMOVAL OF TENANT AND FOR DAMAGES

**COMES NOW** the Plaintiff, **KONRAD MCDOUGAL**, by and through her undersigned attorney and sues the Defendant, **RAMON GRULLON**, and all others in possession under them and allege:

### COUNT I – REMOVAL OF TENANT

1. This is an action for removal from real property situated in Miami, Miami – Dade County, Florida, located at *3401 S.W. 99TH Avenue, Miami, Florida 33165.*

2. The Plaintiff is the owner of the subject property, and the Defendant has possession of the subject property pursuant to oral month-to-month tenancy, at the rate of $1,800.00, per month, due on the 1st day of the month.

3. The Defendant failed to pay the rent due for the months of May, 2016; June, 2016; July, 2016; August, 2016 and September, 2016.

4. Plaintiff served Defendant with a notice on September 12, 2016 to pay the rent or deliver possession, but Defendant refuses to do either. A copy of the Notice is attached hereto, and made a part hereof, as Exhibit "A".

6. Defendant has refused to deliver possession of the demised premises to Plaintiff.

7. Plaintiff has retained the law firm of CARRERA & AMADOR, P.A., and has agreed to pay said firm reasonable attorney's fee and costs for their services.

WHEREFORE, Plaintiff, KONRAD MCDOUGAL, respectfully requests that this Court enter a judgment for possession of the subject property, award Plaintiff, KONRAD MCDOUGAL, his reasonable attorney's fees and all other costs incurred herein and any other relief as this Court may deem just and proper.

### COUNT II – DAMAGES

COMES NOW the Plaintiff, KONRAD MCDOUGAL, by and through his undersigned attorneys, and sues the Defendant, RAMON GRULLON, and alleges as follows:

8. This is an action for damages which does not exceed the sum of $15,000.00.

9. Plaintiff is the owner of the property located at *3401 S.W. 99TH Avenue, Miami, Miami-Dade County, Florida*, and the Defendant has possession of the subject property pursuant to an oral month-to-month tenancy.

10. Plaintiff and the Defendants are *sui juris* and Defendant is a resident of Miami-Dade County, Florida.

11. The Defendant and Plaintiff entered into a verbal agreement to pay rent in the sum of **$1,800.00, per month**, due on the 1st day of each month. The Defendant has failed and refused to pay rents due for the months of May, 2016; June, 2016; July, 2016; August, 2016 and September, 2016.

12. Defendant owes Plaintiff the sum of $9,000.00, that is due with interest since September 1st 2016.

13. Additionally, the Plaintiff sues for additional unpaid rent that accrues after the filing date of this complaint as well as damages that become evident upon inspection of the property and after the Defendant is evicted.

14. Plaintiff has been obligated to retain the services of the undersigned attorneys and is obligated to pay them a reasonable fee for their services.

**WHEREFORE**, Plaintiff, **KONRAD MCDOUGAL**, hereby demands judgment against the above-named Defendant for damages, plus costs, and attorneys' fees, pursuant to Florida law.

Respectfully submitted,

**CARRERA & AMADOR, P.A.**
LeJeune Centre-Suite 440
782 N.W. LeJeune Road
Miami, Florida 33126-5549
Telephone: (305) 441-1554
Facsimile:  (305) 443-5426
Email: CGAmadorLaw@aol.com

By: /s/ Carmen Amador
**CARMEN G. AMADOR-CARRERA, ESQ**
Florida Bar 515566

3

Notice to Tenant – Rent Unpaid
Sec. 83.56 (3) F.S.

## THREE (3) DAY NOTICE TO PAY RENT
## OR DELIVER POSSESSION

Date: September 12, 2016

To: RAMON GRULLON, Tenant
And all others in possession of the property located at
3401 S.W. 99th Avenue, Miami, Miami-Dade County, Florida 33165

YOU ARE HEREBY NOTIFIED that you are indebted to the undersigned in the sum of $ 9,000.00, for rent and use of the premises located at 3401 S.W. 99th Avenue, Miami, Miami-Dade County, Florida, 33165, now occupied by you, and that I demand payment of the rent or possession of the premises within three (3) days (excluding date of service, Saturdays, Sundays and legal holidays) from the date of delivery of this notice, to wit, on or before Friday, September 16, 2016.

Payment may be made at the address appearing below, 782 NW LeJeune Rd., Suite 440, Miami, Miami-Dade County, Florida.

This notice is given you pursuant to Florida Statutes Sec. 83.56 (3).

*Carmen G. Amador*

By: Carmen G. Amador-Carrera, Esq., Agent for
Landlord KONRAD MCDOUGAL
782 N.W. LeJeune Rd., Ste. 440
Miami, Florida 33126-5549
Tel: (305) 441-1544

Proof of Service:

☒ This Notice was served upon the person owing the rent    MARIA LOPEZ  Co-resident

☐ The person owing the rent was absent from his last place of residence, and this Notice was left at said residence by posting.

By: *Alex Segura*
Title: Process Server/Badge #
Date Served/Posted: 9/12/16
5:00 PM

ALEX SEGURA
Process Server
#557



EXHIBIT A

UNITED STATES BANKRUPTCY
COURT SOUTHERN DISTRICT OF
FLORIDA MIAMI DIVISION

IN RE:

RAMON GRULLON                           Case No.: 16-24321-BKC-RAM
            Debtor.                     Chapter 7
_____/

**LESSOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY;
AND (B) AUTHORIZING LESSOR TO PROCEED WITH EVICTION OF DEBTOR**

# EXHIBIT "C"

IN THE COUNTY COURT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

KONRAD MCDOUGAL,

    Plaintiff,

vs.

RAMON GRULLON and
all others in Possession,

    Defendant.
_____/

CASE NO.: 2016-008721-CC 25

CIVIL DIVISION

### NOTICE OF FILING VERIFIED RETURN OF SERVICE OF RESIDENTIAL EVICTION SUMMONS AND COMPLAINT

**COMES NOW**, Plaintiff, KONRAD MCDOUGAL by and through his undersigned attorneys, files the Verified Return of Service of Residential Eviction Summons and Complaint.

**CARRERA & AMADOR, P.A.**
Attorneys for Plaintiff
LeJeune Centre, Suite 440
782 N.W. LeJeune Road
Miami, Florida 33126-5549
Tel. (305) 441-1544
Fax. (305) 443-5426
Primary Email: CGAmadorLaw@aol.com

By: _____
CARMEN G. AMADOR-CARRERA
Fla. Bar No. 515566

## VERIFIED RETURN OF SERVICE

State of Florida        County of Dade        County Court

Case Number: 16-008721 CC 25

Plaintiff:
KONRAD McDOUGAL

vs.

Defendant:
RAMON GRULLON and all others in possession

For:
Juan M. Carrera, Esq.
JUAN M. CARRERA, ESQ
782 Nw LeJeune Road
Suite 440
Miami, FL 33126

Received by Alex J. Segura on the 22nd day of September, 2016 at 11:36 am to be served on RAMON GRULLON, 3401 SW 99 AVE, MIAMI, FL 33165.

I, Alex J. Segura #557, do hereby affirm that on the 22nd day of September, 2016 at 7:30 pm, I:

SUBSTITUTE served by delivering a true copy of the RESIDENTIAL EVICTION SUMMONS AND COMPLAINT with the date and hour of service endorsed thereon by me, to: MARIA LOPEZ as CO-RESIDENT at the address of: 3401 SW 99 AVE, MIAMI, FL 33165, the within named person's usual place of Abode, who resides therein, who is fifteen (15) years of age or older and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served and have proper authority in the jurisdiction in which this service was made. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true, to the best of my knowledge and belief. Notary not required pursuant to F.S.92.525(2).

Alex J. Segura #557
Process Server

Alex J. Segura
P.O. Box 450862
Miami, FL 33245
(786) 287-2539

Our Job Serial Number: AJS-2016000474

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

UNITED STATES BANKRUPTCY
COURT SOUTHERN DISTRICT OF
FLORIDA MIAMI DIVISION

IN RE:

RAMON GRULLON                           Case No.: 16-24321-BKC-RAM
         Debtor.                         Chapter 7
_____/

**LESSOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY;
AND (B) AUTHORIZING LESSOR TO PROCEED WITH EVICTION OF DEBTOR**

# COMPOSITE EXHIBIT "D"

IN THE COUNTY COURT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

KONRAD MCDOUGAL

Vs,

RAMON GRULLON and

all other in possession

CIVIL DIVISION
CASE NO: 2016 008721 CC25

### RESPONSE TO COMPLAINT

**REMOVAL OF TENANT:**

AS TO COURT 1:   DEFENDANT HAS NO KNOWLEDGE

AS TO COURT 2:   DEFENDANT HAS NO KNOWLEDGE

AS TO COURT 3:   DEFENDANT HAS NO KNOWLEDGE

AS TO COURT 4:   DEFENDANT HAS NO KNOWLEDGE

**COUNT 5 IS MISSING FROM COMPLAINT:**

AS TO COURT 6:   DEFENDANT HAS NO KNOWLEDGE

AS TO COURT 7:   DEFENDANT HAS NO KNOWLEDGE

**DAMAGES:**

AS TO COURT 8:   DEFENDANT HAS NO KNOWLEDGE

AS TO COURT 9:   DEFENDANT HAS NO KNOWLEDGE

AS TO COURT 10:   DEFENDANT HAS NO KNOWLEDGE

AS TO COURT 11:   DEFENDANT HAS NO KNOWLEDGE

AS TO COURT 12:   DEFENDANT HAS NO KNOWLEDGE

AS TO COURT 13:   DEFENDANT HAS NO KNOWLEDGE

AS TO COURT 14:   DEFENDANT HAS NO KNOWLEDGE

WHEREFORE, the DEFENDANT PRAYS THAT THE COURT RULE IN HIS FAVOR.

OCTOBER 11, 2016

RAMON GRULLON
3401 SW 99 AVE.
MIAMI, FL 33165
TEL#: 305 761 0293

[FILED FOR RECORD: 2016 OCT 11 AM 9:37 — CLERK, CIRCUIT & COUNTY COURT, MIAMI-DADE COUNTY FL, CORAL GABLES]

IN THE COUNTY COURT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

KONRAD MCDOUGAL,
    Plaintiff,
vs.

CASE NO.:2016-008721 CC 25
CIVIL DIVISION

RAMON GRULLON and
All others in possession,

    Defendants.
_____/

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S RESPONSE TO COMPLAINT AND FOR ENTRY OF DEFAULT AND DEFAULT FINAL JUDGMENT FOR REMOVAL OF TENANT

**COMES NOW** the Plaintiff, **KONRAD MCDOUGAL**, by and through his undersigned attorney, and moves this Honorable Court to enter an Order striking the untimely Response to Complaint filed by the Defendant, **RAMON GRULLON**, granting a Default against said Defendant, and entering Final judgment for Removal of Tenant, and as grounds therefore the Plaintiff states as follows:

    1. A review of the Clerk's on-line docket sheet shows that on October 11, 2016, the Defendant filed a Response to Complaint with the Clerk of Court. The Defendant did not serve a copy of said papers to the undersigned attorney. The Defendant has neither a legal nor a equitable defense to Plaintiff's Complaint for Removal of Tenant. As to each and every allegation of the Plaintiff's Complaint, the Defendant responded by stating **"Defendant is without knowledge"**. A copy of Defendant's Response is attached hereto as Exhibit "A".[1]

    2. The Defendant has further failed to deposit into the Registry of the Court, the rent which accrued prior to the filing of the subject eviction action and the rent which has accrued while

---

[1] The Defendant was served with process on September 22, 2016. A copy of the Verified Return of Service was filed with the Clerk, on September 28, 2016.

the subject eviction action has been opened. The failure by the Defendant is a violation of the requirement of Florida Statutes 83.60 (2) and a further violation of the requirements of the Summons served in the Defendant, both of which documents specify *the Defendant must pay to the clerk of court the amount of rent that the complaint claims due and any rent that becomes due until the lawsuit is over.* For a tenant to contest an eviction action, any defense, other than payment, requires the tenant to deposit accrued rent and any rent which accrues during the pendency of the proceeding into the Court registry. Blanco v. Novoa, 854 So.2. 672 (Fla. 3d. DCA 2003). Tenants in an action for possession for non-payment of rent are obligated to pay rent as a condition to remaining in possession, irrespective of their defense and counterclaims. First Hanover v. Vazquez, 848 So.2. 1188 (Fla. 3d. DCA 2003). *See also* K.D. Lewis Enterprises, Corp v. Smith, 445 So.2d. 1032 (Fla. 5th DCA 1984).

3. Plaintiff is entitled to the Summary Procedure provided in Chapter 51 of the Florida Statutes. The Defendant's acts in filing the subject Response, which merely responds to each and every allegation of the Complaint as "Defendant has no knowledge", is dilatory. Said paper should thus be stricken and a default entered against the Defendant. A Final Judgment for Removal of Tenant should also be entered.

WHEREFORE the Plaintiff, **KONRAD MCDOUGAL**, moves this Honorable Court to enter an Order striking the paper filed by the Defendant, **RAMON GRULLON**, entering a Default against the Defendant, and for the entry of a Final Judgment of Removal of Tenant against said Defendant and all others in possession of the subject real property.

Case No.: 2016-008721-CC 25
Konrad McDougla v. Ramon Grullon
Plaintiff's Motion to Strike Defendant's Response

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via U.S. Mail to: Ramon Grullon, 3401 SW 99 Avenue, Miami, Florida 33165 on this 12th day of October, 2016.

        **CARRERA & AMADOR, P.A.**
        Attorneys for Plaintiff
        LeJeune Centre, Suite 440
        782 N.W. LeJeune Rd.
        Miami, Florida  33126-5536
        Tel: (305) 441-1544
        Fax: (305) 443-5426
        Email:  CGAmadorLaw@aol.com

        By:_____/s/_____
          Carmen G. Amador-Carrera, Esq.
          Fla.Bar No. 515566

IN THE COUNTY COURT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

KONRAD MCDOUGAL

Vs,

RAMON GRULLON and

all other in possession

CIVIL DIVISION
CASE NO: 2016 008721 CC25

FILED FOR RECORD
2016 OCT 11 AM 9:37
CLERK, CIRCUIT & COUNTY COURT
MIAMI-DADE COUNTY FL
CORAL GABLES (25) #1

## RESPONSE TO COMPLAINT

**REMOVAL OF TENANT:**

AS TO COURT 1:    DEFENDANT HAS NO KNOWLEDGE

AS TO COURT 2:    DEFENDANT HAS NO KNOWLEDGE

AS TO COURT 3:    DEFENDANT HAS NO KNOWLEDGE

AS TO COURT 4:    DEFENDANT HAS NO KNOWLEDGE

**COUNT 5 IS MISSING FROM COMPLAINT:**

AS TO COURT 6:    DEFENDANT HAS NO KNOWLEDGE

AS TO COURT 7:    DEFENDANT HAS NO KNOWLEDGE

**DAMAGES:**

AS TO COURT 8:    DEFENDANT HAS NO KNOWLEDGE

AS TO COURT 9:    DEFENDANT HAS NO KNOWLEDGE

AS TO COURT 10:   DEFENDANT HAS NO KNOWLEDGE

AS TO COURT 11:   DEFENDANT HAS NO KNOWLEDGE

AS TO COURT 12:   DEFENDANT HAS NO KNOWLEDGE

AS TO COURT 13:   DEFENDANT HAS NO KNOWLEDGE

AS TO COURT 14:   DEFENDANT HAS NO KNOWLEDGE

WHEREFORE, the DEFENDANT PRAYS THAT THE COURT RULE IN HIS FAVOR.

OCTOBER 11, 2016

RAMON GRULLON
3401 SW 99 AVE.
MIAMI, FL 33165
TEL#: 305 761 0293

EXHIBIT A